**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH G. MILOTA,** | : | **CASE NO:1:09cv1789** |
| Plaintiff, | : | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | : | |
| **CATALYST HEALTH SOLUTIONS INC.,et al.,** | : | |
| | : | **OPINION AND ORDER** |
| Defendants. | : | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Plaintiff's Motion to Remand. (ECF #8) On August 4, 2009, this case was referred to Magistrate Judge Greg White for General Pretrial Supervision. (ECF #5) On September 16, 2009, the Magistrate Judge filed his Report and Recommendation on Plaintiff's Motion to Remand.  For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation, grants the Motion and remands the case to Lorain County Common Pleas Court.

**FACTS**

On June 19, 2009, Plaintiff, Kenneth G. Milota, filed his Complaint in Lorain County Common Pleas Court alleging wrongful discharge pursuant to Ohio Revised Code ("O.R.C.") § 4123.90, premised on his filing of a workers' compensation claim. On July 31, 2009, Defendants, Catalyst Health Solutions, Inc. ("CHS") and Immediate Pharmaceutical Services, Inc., filed a timely Notice of Removal to this Court based on diversity jurisdiction.  On August 14, 2009, Plaintiff filed a Motion to Remand the case to the Lorain County Court of Common

1

Pleas, contending that the exception to removal in 28 U.S.C. § 1445(c) is controlling. On August 21, 2009, Defendants filed their Opposition Brief.

**ANALYSIS**

Under 28 U.S.C. §1441(a), a defendant may remove to federal court any suit filed in state court, if the case could have been brought in federal court originally. To avoid remand, "a defendant [must] demonstrate that a district court would have original jurisdiction over a civil action." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). As the Magistrate Judge points out, the general right to removal is limited by several exceptions. Subsection (c) of 28 U.S.C. § 1445 states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The application of § 1445(c) to Ohio statutes is a question of federal law. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972); *Wilson v. Lowe's Home Center, Inc.*, 401 F.Supp. 2d 186, 190 (D. Conn. 2005); *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000). ("Because section 1445 is a federal jurisdiction statute with nationwide application, federal law governs its interpretation.")

Section 1445(c) has generated numerous published decisions concerning the removability of retaliatory discharge claims brought by workers' compensation claimants in state courts. The decisions agree that the phrase "arising under" in § 1445(c) has the same meaning as the identical phrase in the closely related federal question statute, 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See, e.g., Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 202-03 (6th Cir. 2004); *Figueroa v. Healthmark Partners*, 125 F.Supp. 2d 209, 211 (S.D. Tex. 2000). At issue for determining removability is whether the plaintiff's cause of action for retaliatory discharge was created by statute or case law.

2

In *Horn v. Kmart Corp.,* Case No. 1:06CV493, 2007 WL 1138473, at *2 (S.D. Ohio, April 16, 2007), the Court reviewed decisions in this Circuit and concluded:

> [A] claim for retaliatory discharge based on a statute arises under the state's workers' compensation laws if the statute provides both the right and the remedy. A claim for retaliatory discharge also arises under the state's workers' compensation laws if the plaintiff's right to relief is dependent "on resolution of a substantial question of workmen's compensation law." However, if the statute is merely a codification of a judicially created action and does not provide a remedy, then the action does not arise under the state's workers' compensation laws.

Based upon the above, the *Horn* court ruled removal was improper under § 1445(c).

This Court agrees with the Magistrate Judge's conclusion that the Ohio statute creates both a right and a remedy for employees, as stated in O.R.C. § 4123.90:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141 of the Revised Code plus reasonable attorney fees.

The Magistrate Judge's Report and Recommendation addresses Defendants' contention that, because the Complaint contains a jury demand, which Ohio courts have conclusively established is not available for cases brought under O.R.C. § 4132.90, Plaintiff has raised a second claim. Also, Defendants contend since Plaintiff's Complaint seeks "further relief as the court may deem equitable and just," then Plaintiff is also raising a promissory estoppel claim. Lastly, Defendants contend Plaintiff's Request for Admissions exceeds the scope of the elements of a retaliatory discharge, and is more in line with the elements of a promissory estoppel claim.  However, for his part, Plaintiff asserts his

3

Complaint raises only a single claim under O.R.C. § 4123.90.

Even assuming Plaintiff alleges a separate, state law promissory estoppel claim, this Court agrees removal remains inappropriate.  Joining related state law claims to a workers' compensation claim does not change the nature of the action or make it more suitable for resolution in federal court. *Wilson*, 401 F.Supp. 2d at 196.  When claims are sufficiently related, principles of judicial economy, efficiency and fairness compel litigating the entire action in state court.  *See Goble v. City of Brunswick*, 491 F.Supp. 2d 722, 724 (N.D. Ohio 2007).

Legislative history demonstrates Congress enacted § 1445(c) in order to decrease the number of cases brought in federal court based upon diversity jurisdiction, and to "relieve workers of the expense and delay of litigating in federal court." *Wilson*, 401 F.Supp 2d at 196; see also S. Rep. No. 85-1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. at 3105.  If this matter, or any part of it , remained in federal court, neither policy would be served.

### CONCLUSION

For all the above-stated reasons, the Court adopts the Magistrate Judge's Report and Recommendation, grants Plaintiff's Motion to Remand, and remands the captioned matter to the Lorain County Court of Common Pleas.

**IT IS SO ORDERED.**

**DATE: November 3, 2009**

                                         **S/Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **UNITED STATES DISTRICT JUDGE**